# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAVARYEA TAYLOR,** | : | |
| | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **NO.  19-5232** |
| **LAUREL HARRY, et al.** | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 21st day of September, 2020, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Response (Doc. No. 9), the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth T. Hey (Doc. No. 13), and Petitioner's Objections (Doc. No. 15), I find as follows:

**Factual and Procedural Background**

1. On October 11, 2013, Petitioner was convicted by a jury in the Philadelphia County Court of Common Pleas of robbery, conspiracy, carrying a firearm without a license, carrying a firearm in public, and possession of an instrument of crime.  The charges arose from the September 6, 2011 gunpoint robbery of a pizza delivery person by Petitioner and three co-conspirators.

2. On November 26, 2013, the Honorable Charles E. Cunningham, III sentenced Petitioner to eight to ten years' imprisonment on the robbery charge, followed by ten years' probation on the remaining charges.  Petitioner did not file a direct appeal.

3. On February 6, 2014, Petitioner file a *pro se* petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"). Following appointment of counsel, Petitioner filed an amended PCRA petition claiming trial counsel was ineffective for failing to file a direct appeal. On January 11, 2016, the Commonwealth advised the PCRA court that it did not oppose the reinstatement of Petitioner's direct appeal rights.

4. In the interim, on June 10, 2015, Petitioner filed his first petition for writ of habeas corpus. On November 7, 2016, I denied that petition without prejudice as unexhausted in light of his still-pending PCRA petition.

5. On October 17, 2016, Judge Cunningham reinstated Petitioner's right to file an appeal *nunc pro tunc*. Petitioner then filed a direct appeal challenging the sentencing court's discretionary imposition of a sentence that was above the guidelines. The Pennsylvania Superior Court affirmed the judgment of sentence on July 9, 2018, and, on March 18, 2019, the Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal.

6. Petitioner filed a second PCRA petition on May 20, 2019, which was dismissed by the PCRA court on March 5, 2020. Petitioner filed a notice of appeal in state court on April 2, 2020, and a statement of matters complained of on appeal on April 18, 2020. That appeal remains pending in the state courts.

7. On November 5, 2019, Petitioner filed the current Petition for Writ of Habeas Corpus generally challenging the validity of the state criminal complaint against him, the jurisdiction of the state court, the authority under which he was sentenced, and the constitutionality of his sentence.

8. I referred this matter to United States Magistrate Judge Elizabeth T. Hey for a Report and Recommendation ("R&R"). On June 9, 2020, Judge Hey recommended that the Petition

    be dismissed as unexhausted because Petitioner is currently pursuing a state court appeal of his PCRA petition.

9. Petitioner filed Objections to the R&R on July 13, 2020.

**Standard of Review**

10. Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a habeas petition to a magistrate judge for proposed findings of fact and recommendations for disposition. When objections to a Report and Recommendation have been filed, the district court must make a *de novo* review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In performing this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**Discussion**

11. In his Objections, Petitioner does not address his failure to exhaust his habeas claims, but simply reiterates his challenges to the constitutionality of his continued detention in state prison and asserts that his due process rights were violated.

12. As noted by Judge Hey, it is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992). To satisfy the

exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). In other words, the petitioner must show that "the claim brought in federal court [is] the substantial equivalent of that presented to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989) (citations omitted), cert. denied, 493 U.S. 1036 (1990). "Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." Id.

13. Here, the sole claim Petitioner has exhausted in state court is a challenge to the sentencing judge's decision to impose a sentence above the guidelines range. In the current habeas petition, however, Petitioner challenges the validity of the criminal complaint brought against him, the jurisdiction of the state trial court, and the constitutionality of his sentence. Accordingly, he has failed to exhaust state court remedies with respect to all of the claims raised here.

14. In Rose v. Lundy, 455 U.S. 509 (1982), the Supreme Court held that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims. Id. at 519. The Court in Rose, "imposed a requirement of 'total exhaustion' and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance." Rhines v. Weber, 544 U.S. 269, 274 (2005).

15. When faced with a mixed petition, the district court, in an exercise of its discretion, may stay the habeas petition or dismiss it. Id. at 275–76. Generally, a district court should only stay a habeas corpus petition in limited circumstances. Williams v. Walsh, 411 F. App'x

459, 461 (3d Cir. 2011).  Where a petitioner will have ample time to refile a new habeas petition after PCRA review has concluded, a stay is not required, and the habeas petition should be dismissed without prejudice.  Id.; see also  Simmons v. Garman, No. 16-4068, 2017 WL 2222526, at *3 (E.D. Pa. Feb. 14, 2017).

16. As Judge Hey clearly explained, Petitioner's federal habeas statute of limitations has not yet begun running.  Therefore, once Petitioner's state appeal has concluded, Petitioner will have an entire year to file a timely petition for writ of habeas corpus.

**WHEREFORE**, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Petitioner's Objections are **OVERRULED**;

3. The Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE** as unexhausted;

4. There is no probable cause to issue a certificate of appealability;

5. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

 /s/ Mitchell S. Goldberg
**MITCHELL S. GOLDBERG, J.**